UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KIMBERLY J. ORTMAN,**

    **Plaintiff,**

v.                                 Case No. 2:14–cv–1900
                                    Judge Michael H. Watson
                                    Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff seeks review of a final decision of the Commissioner of Social Security denying her applications for a period of disability, disability insurance benefits, and supplemental security income. The Magistrate Judge recommended that the decision of the Commissioner be affirmed and that this action be dismissed. *Report and Recommendation*, ECF No. 18. This matter is now before the Court on plaintiff's objections to that recommendation. *Objection*, ECF No. 19. The Court has considered the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

The administrative law judge found that plaintiff's severe impairments consist of degenerative disc disease and bipolar disorder and leave plaintiff with the residual functional capacity ("RFC") to

perform "medium" work as defined in 20 CFR §§ 404.1567(c) and 416.967(c) except that the claimant could lift and carry 25 pounds frequently and 50 pounds occasionally. In an eight-hour workday, the claimant could sit six hours, stand and/or walk six hours. She could occasionally climb ladders, ropes, or scaffolds. She could frequently climb stairs, balance, stoop, kneel, crouch, or crawl. From a mental standpoint, the claimant could understand, remember, and follow simple, routine tasks and occasionally more detailed or complex tasks. Concentration, persistence, and pace would be limited to occasional for any tasks that are more than routine tasks. She is limited to occasional interaction with supervisors, coworkers, and the public; and no tasks that involve working closely with others. In addition, she is capable of work that involves relatively static changes that can be easily explained.

PAGEID 71-73. Relying on the testimony of the vocational expert, the administrative law judge found that this RFC permits plaintiff to perform a significant number of jobs in the national economy, including such representative jobs as cleaner, packager, and order picker. The Commissioner therefore concluded that plaintiff is not disabled.

In her *Statement of Errors*, ECF No. 11, plaintiff argued that the administrative law judge erred in her credibility determination, improperly failed to secure the testimony of a medical expert to assist in the evaluation of the record's medical source opinions, and relied on improper vocational testimony. The Magistrate Judge considered, but rejected, each of these arguments. *Report and Recommendation*.

In her *Objection*, plaintiff renews her argument that the administrative law judge improperly discounted plaintiff's credibility because her treatment has been

routine and conservative. *Id.* at *PAGEID* 502. Plaintiff also again argues that, because the administrative law judge failed to secure the testimony of a medical expert to assist in the formulation of plaintiff's RFC, the hypotheticals posed to the vocational expert improperly omitted "limitations regarding concentration, persistence, and pace for simple, repetitive tasks." *Objection,* PAGEID# 503.

In considering plaintiff's challenge to the administrative law judge's credibility determination, the Magistrate Judge concluded that the administrative law judge properly applied the appropriate standards and that her credibility determination enjoys substantial support in the record:

> . . . The administrative law judge evaluated the medical evidence, including plaintiff's reports of pain and treatment for back pain, and found that the "record reveals relatively infrequent trips to the doctor for the allegedly disabling physical and mental symptoms." *PAGEID* 74-76. The administrative law judge noted that there are relatively few records from 2008 and 2009 and, although plaintiff reported back pain in 2009, there were no significant objective findings noted at that time. *PAGEID* 74. The administrative law judge evaluated plaintiff's ongoing complaints of pain, but found that "the claimant utilized relatively routine and conservative treatment methods, such as pain medication and muscle relaxers." *PAGEID* 75. With regard to plaintiff's reports of "'stroke-like' headaches," the administrative law judge noted that "the record does not corroborate the severity or frequency of these headaches." *Id.* As to plaintiff's complaints of mental health symptoms, the administrative law judge found that "the evidence reveals relatively infrequent trips to the doctor for allegedly disabling mental symptoms with inconsistent mental health treatment throughout the relevant record." *Id.* The administrative law judge also cited plaintiff's treatment at Six County Mental Health Center and noted, *inter alia,* that she was found to be "generally functioning pretty well" and reported the severity of her problems on a scale of one to 10 as only a five. *Id.*
> Plaintiff argues that the administrative law judge erred in

3

> discounting plaintiff's credibility on the basis that she had undergone only conservative treatment for her back pain. *Plaintiff's Reply*, pp. 1-3. According to plaintiff, she was "not required to pursue treatment methods that are greater than conservative means" and she was not required to undergo back surgery. *Id.* at p. 2. The administrative law judge did not err in this regard. As noted by plaintiff, *Plaintiff's Reply*, p. 2, persistent attempts by a claimant to obtain relief from pain may lend support to allegations of intense and persistent symptoms. SSR 96-7P, 1996 WL 374186, at *7 (July 2, 1996). However, the administrative law judge noted plaintiff's attempts to obtain relief but found that her treatment was "relatively routine and conservative." PAGEID 74-75. Plaintiff does not challenge the administrative law judge's determination that her treatment was "relatively routine and conservative." Moreover, the administrative law judge's determination in this regard is supported by substantial evidence. Dr. Sayegh classified plaintiff's treatment as conservative and, as noted by the administrative law judge, PAGEID 75, discussed more aggressive treatment options that plaintiff chose not to pursue. PAGEID 422-23.
>
> Plaintiff's arguments to the contrary notwithstanding, the administrative did not "simply conclude[] that the Plaintiff's statements and symptoms were not entirely credible." *Statement of Errors*, p. 6. The administrative law judge's credibility determination is clearly explained, and her analysis enjoys substantial support in the record. Under these circumstances, this Court will not – and indeed may not - revisit that credibility determination. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

*Report and Recommendation*, PAGEID 493-95. This Court agrees with that conclusion. Considering the totality of the evidence considered by the administrative law judge in determining plaintiff's credibility, the single fact that plaintiff's treatment has been, as plaintiff concedes, routine and conservative does not require a different result.

In considering plaintiff's complaint that the administrative law judge should have secured the testimony of a medical expert in formulating plaintiff's

4

RFC and the hypotheticals posed to the vocational expert, the Magistrate Judge reasoned:

> An administrative law judge "has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (citing 20 C.F.R. §§ 404.1517, 416.917). Further, the RFC determination is an administrative finding of fact reserved to the Commissioner, *see* 20 C.F.R. §§ 404.1527(d)(2), (3), 416.927(d)(2), (3); *Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 569 (6th Cir. 2004), and the administrative law judge, in formulating a claimant's RFC, is not required to parrot medical opinions *verbatim*. *See Neace v. Comm'r of Soc. Sec.*, No. 5:11-cv-00202-KKC, 2012 WL 4433284, at *8 (E.D. Ky. Sept. 25, 2012); *Deaton v. Comm'r of Soc. Sec.*, No. 1:10-cv-00461, 2011 WL 4064028, at *6 (S.D. Ohio Sept. 13, 2011); *Carroll v. Comm'r of Soc. Sec.*, No. 1:09cv2910, 2011 WL 3648128, at *10 (N.D. Ohio Aug. 18, 2011). The administrative law judge gave significant weight to the medical opinions of record and incorporated similar limitations in her RFC determination; significantly, the record contains no medical opinion of greater limitations than those that the administrative law judge included in her RFC determination. The record reflects sufficient evidence of plaintiff's impairments and the effects of those impairments on plaintiff's residual functional capacity. It cannot be said that the administrative law judge relied on her own lay opinion in evaluating the evidence. *See Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008). Rather, the administrative law judge was called upon to evaluate the various medical opinions and determine the weight to be assigned to each. The administrative law judge properly engaged in this process and her findings in this regard enjoy substantial support in the record. It follows that the administrative law judge did not err in failing to secure the testimony of a medical expert for this purpose.
> In a related argument, plaintiff contends that the administrative law judge erred in relying on the testimony of the vocational expert. *Statement of Errors*, pp. 8-10. Plaintiff specifically argues that the hypothetical posed to the vocational expert was incomplete because it was based on improper RFC and credibility determinations. *Id.*
> "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of

5

the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010). "Hypothetical questions, however, need only incorporate those limitations which the [administrative law judge] has accepted as credible." *Parks v. Soc. Sec. Admin.*, 413 F. App'x 856, 865 (6th Cir. 2011) (citing *Casey*, 987 F.2d at 1235).

The administrative law judge posed to the vocational expert a complete hypothetical question that incorporated all of plaintiff's impairments as found by the administrative law judge. The vocational expert responded that such an individual could not perform plaintiff's past relevant work as a gas station cashier, fast food worker, and sales promotion representative, but could perform such jobs as picker, cleaner, and packager. *PAGEID* 133, 136. The administrative law judge relied on this portion of the vocational expert's testimony in determining that plaintiff can perform a significant number of jobs that exist in the national economy, even though she could not perform her past relevant work. *PAGEID* 77-78.

Plaintiff argues that the administrative law judge erred in not accepting the vocational expert's testimony in response to an alternative hypothetical containing additional limitations in concentration, persistence, and pace. *Statement of Errors*, p. 9. It is true that the administrative law judge posed different hypotheticals to the vocational expert, which contained different functional limitations. *See PAGEID* 136-37. Nevertheless, the administrative law judge relied only on the hypothetical posed to the vocational expert that included all of the limitations contained in the RFC eventually found by the administrative law judge. The administrative law judge therefore did not err in relying on the vocational expert's testimony in this regard. *See Parks*, 413 F. App'x at 865 ("In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments. . . . Hypothetical questions, however, need only incorporate those limitations which the ALJ has accepted as credible.") (internal citations and quotations omitted); *Felisky*, 35 F.3d at 1036 (where a hypothetical accurately described the plaintiff in all relevant respects, the vocational expert's response to the hypothetical question constitutes substantial evidence).

*Id.* at *PAGEID* 495-98. This Court agrees with this analysis and nothing stated in plaintiff's *Objection* persuades the Court that the *Report and Recommendation* should be rejected.

Accordingly, plaintiff's *Objection*, ECF No. 19, is **DENIED**. The *Report and Recommendation*, ECF No. 18, is **ADOPTED AND AFFIRMED**. The decision of the Commissioner is **AFFIRMED** and that this action is **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**